UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Fort Myers Division

Winfield Solutions, LLC,

Plaintiff,

v.

Cecil R. Howell, Jr., and Box Eleven Ranch, LLC,

Defendants.

Case No. ________________

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

For its Complaint against Defendants, Plaintiff states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Winfield Solutions, LLC ("Winfield") is a Delaware limited liability company. Winfield's sole member is Land O'Lakes, Inc., which is a Minnesota corporation with its principal place of business located in Arden Hills, Minnesota. Under 28 U.S.C. § 1332(c), Land O'Lakes, Inc. is a citizen of the State of Minnesota. Because its sole member is a citizen of the State of Minnesota, Winfield is also a citizen of the State of Minnesota.

2. Defendant Cecil R. Howell, Jr. ("Mr. Howell") is a citizen of the State of Florida currently residing, upon information and belief, in Immokalee, Collier County, Florida.

3. Defendant Box Eleven Ranch, LLC ("Box Eleven") is a Florida limited liability company. Box Eleven's sole member is Mr. Howell who, as alleged above, is a citizen of the State of Florida. Because its sole member is a citizen of the State of Florida, Box Eleven is also a citizen of the State of Florida.

4. The amount in controversy in this case, exclusive of costs and interest, exceeds the sum of $75,000.00.

5. The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a) based upon the complete diversity of citizenship between the parties and the fact that the amount in controversy, exclusive of costs and interest, exceeds the sum of $75,000.00.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

**FACTS COMMON TO ALL COUNTS**

7. Winfield is engaged in the business of producing and marketing crop inputs and protection products.

8. Mr. Howell and Box Eleven operate a farm in or near Immokalee, Florida.

9. Mr. Howell is Box Eleven's Managing Partner.

10. In November 2014, Mr. Howell and Box Eleven submitted a Credit Application and Agreement ("Credit Agreement") to Winfield to purchase products on credit. A true and correct copy of the Credit Agreement, redacted to omit personal identifiers, is attached to this Complaint as Exhibit A.

11. Under the terms of the Credit Agreement, Mr. Howell and Box Eleven agreed to timely pay all invoices from Winfield. Mr. Howell and Box Eleven further agreed to pay late charges on any past-due amounts at the rate of 18% per year and any attorney fees, costs and disbursements incurred by Winfield in collecting any amounts due under its account.

12. Mr. Howell also executed and delivered to Winfield a Guaranty under which he personally guaranteed payment of all of Winfield's invoices. A true and correct copy of the Guaranty is attached to this Complaint as Exhibit B.

13. Mr. Howell and Box Eleven ordered and received products from Winfield pursuant to the Credit Agreement.

14. Mr. Howell and Box Eleven failed to pay for certain products that they ordered and received from Winfield from August through December 2015 (hereinafter “the Products”).

15. The unpaid principal balance due to Winfield for the Products is $156,187.86. A true and correct summary of the unpaid invoices is attached to this Complaint as Exhibit C. True and correct copies of the unpaid invoices are collectively attached to this Complaint as Exhibit D.

16. As of March 1, 2016, the amounts due under the unpaid invoices had accrued late charges in the amount of $2,368.48. Late charges have accrued since March 1, 2016, and will continue to accrue in the future, at the rate of $77.22 per day. A true and correct summary of the late charges is attached to this Complaint as Exhibit E.

17. Mr. Howell and Box Eleven have failed to honor their contractual obligations to Winfield under the Credit Agreement. Mr. Howell has also failed to honor his contractual obligations to Winfield under the Guaranty.

18. Winfield has incurred, and will continue in the future to incur, attorney fees, costs and disbursements to collect payment for the Products.

19. Winfield has satisfied all conditions to the prosecution of this action.

**COUNT I**
**ACTION FOR THE PRICE**

Winfield restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

20. The Credit Agreement provides for the application of Minnesota law.

21. The Products constitute “goods” under Minn. Stat. § 336.2-105(1).

22. Mr. Howell and Box Eleven received and accepted the Products from Winfield.

23. Mr. Howell and Box Eleven used the Products.

24. Under Minn. Stat. §§ 336.2-607(a) and 336.2-709(1)(a), Winfield is entitled to recover the purchase price for the Products from Mr. Howell and Box Eleven in the principal amount of $156,187.86.

25. Winfield is also entitled to recover late charges from Mr. Howell and Box Eleven in the amount of $2,368.48, and additional late charges at the rate of $77.22 per day from March 1, 2016, through the date of entry of judgment, together with all of its attorney fees, costs and disbursements.

**COUNT II**
**BREACH OF CONTRACT**

Winfield restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

26. Mr. Howell and Box Eleven contracted and agreed to pay Winfield the purchase price for the Products.

27. Mr. Howell and Box Eleven breached their contractual obligations to Winfield by failing to pay the purchase price for the Products.

28. Winfield is entitled to recover the purchase price for the Products from Mr. Howell and Box Eleven in the principal amount of $156,187.86.

29. Winfield is also entitled to recover late charges from Mr. Howell and Box Eleven in the amount of $2,368.48, and additional late charges at the rate of $77.22 per day from March 1, 2016, through the date of entry of judgment, together with all of its attorney fees, costs and disbursements.

**COUNT III**
**BREACH OF GUARANTY**

Winfield restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

30. Under the Guaranty, Mr. Howell unconditionally in perpetuity, and or a continuing basis guaranteed payment of all amounts due to Winfield for the invoices for the Products.

31. Mr. Howell has breached his contractual obligations to Winfield under the Guaranty.

32. Winfield is entitled to recover the purchase price for the Products from Mr. Howell in the principal amount of $156,187.86.

33. Winfield is also entitled to recover late charges from Mr. Howell in the amount of $2,368.48 and additional late charges at the rate of $77.22 per day from March 1, 2016, through the date of entry of judgment, together with all of its attorney fees, costs and disbursements.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Winfield hereby demands a trial by jury.

**WHEREFORE**, Winfield respectfully prays for this Court's judgment as follows:

1. Awarding Winfield money damages against Mr. Howell and Box Eleven, jointly and severally, in the principal amount of $156,187.86;

2. Awarding Winfield late charges in the amount of $2,368.48, plus additional late charges at the rate of $77.22 per day from March 1, 2016, through the date of entry of judgment;

3. Awarding Winfield all of its attorney fees, costs and disbursements; and

4. Granting Winfield all such other and further relief as the Court deems just and equitable under the circumstances.

Dated: March 7, 2016.

/s/ Jon Marshall Oden
FBN: 0031872
Ball Janik LLP
201 E. Pine Street, Suite 825
Orlando, FL 32801
Tel: (407) 455-5664
Fax: (407) 902-2105
Primary Email: joden@balljanik.com
Attorney for Plaintiff